McCORD, Judge.
Appellant, Jeffrey Steven Weisenford, pled nolo contendré to possession of cocaine reserving the right to appeal the denial of his motion to suppress evidence. The basic facts adduced at the hearing on the motion are not in dispute. Officer Pierotti and Officer Johnson responded to a call about intoxicated persons at the airport. They arrived to find appellant and a companion in custody of airport security officers. Both were falling out of their chairs, foaming at the mouth, and could not speak coherently. They were arrested for disorderly intoxication, but the officers could not detect any smell of alcohol on their breath. Pierotti turned their heads back and saw white powder in their nostrils. The officers *550 checked the areas of the airport for drugs where the two had been seen but found nothing. They were searched and car keys were found on appellant. Officer Johnson then called appellant’s mother and obtained a description of his car. The two officers then went to the airport parking lot, found the car, searched it, and found cocaine in a baggie stuffed in a glasses case. Officer Johnson called appellant’s parents again and advised them that he was under arrest for possession of a controlled substance and told them they could pick up the car at the airport and save towing charges. The parents agreed to do this.
The search of appellant’s automobile in the airport parking lot cannot be sustained as a search incident to appellant’s arrest nor can it be sustained as a valid inventory search as it was not reasonably necessary that the vehicle be taken into custody for safekeeping. In addition, even if there were probable cause for the officers to believe that the vehicle contained contraband, there were no exigent circumstances justifying a search of it without a warrant. There was no legal basis for the search.
REVERSED.
BOYER, C. J., and SCHLEGEL, LEW E., Associate Judge, concur.